Case 4:17-cv-00689   Document 64   Filed in TXSD on 11/08/17   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
November 08, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS HERNANDEZ, *et al.* LLC, | § § § |
| Plaintiffs, | § § |
| v. | §   CIVIL ACTION NO. H-17-689 |
| AIR RESOURCES AMERICAS, LLC | § § § |
| Defendant. | § § |

### ORDER DENYING MOTION FOR RECONSIDERATION

The defendant, Air Resources, filed a motion for reconsideration under Federal Rule of Civil Procedure 54(b), (Docket Entry No. 54), asking the court to reverse its denial of Air Resources' motion to dismiss. (Docket Entry No. 31).

The Federal Rules of Civil Procedure do not recognize a motion to reconsider, *see St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997), but allow a party to ask, and a court to revise, an interlocutory order that does not resolve the entire proceeding. *See Contango Operators, Inc. v. United States*, 965 F. Supp. 2d 791, 800 (S.D. Tex. 2013) (citing *Moody v. Seaside Lanes*, 825 F.2d 81, 85, & n.3 (5th Cir. 1987)). Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order for any reason it deems sufficient." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Saqui v. Pride Cent. Am., LLC*, 595 F.3d

206, 210–11 (5th Cir. 2010)). Although neither Rule 59 nor 60 applies, *see Compaq Computer Corp. v. Ergonome Inc.*, No. H-97-1026, 2001 U.S. Dist. LEXIS 23487, at *4, n.2 (S.D. Tex. June 25, 2001), "considerations similar to those under Rule 59(e) inform the court's analysis." *Enerquist Oil & Gas, LLC v. Plains Exploration & Prod. Co.*, No. SA-12-CV-542-DAE, 2014 U.S. Dist. LEXIS 57037, at *9 (W.D. Tex. Apr. 34, 2014); *see also Deed v. Whirlpool Corp.*, No. H-15-2208, 2017 U.S. Dist. LEXIS 127461, at *37 (S.D. Tex. Aug. 10, 2017) ("[M]otions to reconsider are not the proper vehicle for rehashing old arguments or raising arguments that could have been presented previously.").

Air Resources argues that: (1) Texas law required this court to recognize the arbitration agreements it invoked as valid because the plaintiffs now admit to signing the agreements; (2) the plaintiffs are bound by the agreements and must arbitrate all their FLSA claims; (3) the court considered inadmissible parol evidence by referring to the language in the emails transmitting the attached arbitration documents; and (4) even if the court does consider the email, it does not say that the new ADR program applies only to prospective claims. (Docket Entry No. 54). These arguments are the same arguments the court considered and rejected in its July 2017 ruling denying the motion to dismiss in favor of arbitration. The court has reconsidered the arguments and reaches the same conclusion.

Air Resources argues that the test the court used to analyze whether the plaintiffs received unequivocal notice of, and accepted, the arbitration agreement applies only if the employee did not expressly accept the change in the terms of employment by signing the arbitration agreement. In other words, Air Resources argues there are two distinct ways to change an employee's terms of employment to include a binding arbitration agreement: (1) by signing an arbitration provision; *or*

2

(2) by receiving unequivocal notice of the change in terms and accepting that change. The plaintiffs who signed the agreements, Air Resources contends, are bound to arbitrate claims that arose before they signed, despite the language in the accompanying email to the employees stating that the agreements applied to prospective claims.

The two major cases in this area—*Hathaway v. General Mills, Inc.*, 711 S.W.2d 227 (Tex. 1986) and *In re Halliburton Co.*, 80 S.W.3d 566 (Tex. 2002)—both deal with situations in which the employee did not sign an arbitration agreement at all. But these cases are relevant in a way that does not turn on the signatures. The *Hathaway* court stated:

> "In employment at will situations, either party may impose modifications to the employment terms of continued employment. The party asserting the modification still must prove that the other party agreed to modify the employment terms. Generally, when the employer notifies an employee of changes in employment terms, the employee must accept the new terms or quit. If the employee continues working with knowledge of the changes, he has accepted the changes as a matter of law. Thus, to prove a modification of an at will employment contract, the party asserting the modification must prove two things: (1) notice of the change; and, (2) acceptance of the change."

*Hathaway*, 711 S.W.2d at 229 (citations omitted). *Hathaway* requires both notice and acceptance, but does not obviate the unequivocal notice requirement when an employee has signed an agreement.

*Halliburton* similarly does not draw this distinction. The Texas Supreme Court applied the *Hathaway* standard to determine that the change to an employee's at-will contract was valid because the employee received clear notice of, and accepted, the provision. 80 S.W.3d at 568. The Court acknowledged that the employee "only briefly looked at the documents and . . . did not understand them." *Id.* at 568–69. Because the notice was unequivocal about the new terms—including the

3

arbitration requirement and the effective date of the new terms—and stated that continued employment would be considered acceptance of the new terms, the court found that the employee had accepted the terms by continuing to work for Halliburton. *Id.* The court did not limit its holding to situations in which the employee had received but not signed the agreement. The court did, however, emphasize that "[t]his is not a case in which the written notice was contradicted by other written or oral communications between the employer and the employee." *Id.* at 569.

If Air Resources had provided unequivocal notice that the new arbitration agreements applied to claims that arose before the effective date, and had not contradicted its written notice with the transmittal email explaining that the new agreement applied to prospective claims, then, under *Halliburton*, the plaintiffs would be bound to arbitrate the pre-agreement claims. The notice Air Resources provided was not only equivocal, it contradicted the application of the agreement to existing claims. That the plaintiffs accepted the provision by signing the arbitration provision does not relieve Air Resources of its duty to provide unequivocal notice. Without unequivocal notice, the arbitration agreement is unenforceable as to claims that arose before December 11, 2015. Based on this finding, the court need not reconsider Air Resources' second argument that the plaintiffs must arbitrate their preexisting FLSA claims under the language of the arbitration agreement.

Air Resources' third argument—that the court improperly considered parol evidence —is no more persuasive now than earlier. The court considered the email to determine whether the notice of the new employment terms was unequivocal, not to determine what those terms meant. *See Sacks v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) ("An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports."); *see also* William V.

4

Dorsaneo III et al., 2-23 Texas Civil Trial Guide § 23.40[1] (2017) ("The [parol evidence] rule functions as an evidentiary rule excluding extrinsic evidence that would vary, add to, or contradict the terms of an unambiguous, integrated writing, that is, an instrument that is so worded that a court may properly give it a certain or definite meaning."). The equivocal and contradictory notice accompanying the new arbitration provision made the provision unenforceable for claims that arose before the effective date, December 11, 2015. The parol evidence rule is not a basis to reach a different result.

Finally, Air Resources argues that, even if the court considers the language in the email, "it does not say that the dispute resolution program will only apply to claims that arose on or after December 11, 2015." (Docket Entry No. 54 at 9). The email states that the arbitration provision "will automatically apply to [the employee] on a prospective basis." Air Resources asks this court to reconsider its prior finding that "on a prospective basis" means that only claims arising after December 11—the effective date—are subject to arbitration. Air Resources argues that it intended the email language to mean that employees would be bound to the arbitration provision if they continued their employment after December 11, 2015. Air Resources provides no other support for this argument. The critical issue is whether that notice was unequivocal, as required to change the terms of its employees' at-will employment. This argument for reconsideration does not lead to a different result.

The motion for reconsideration, (Docket Entry No. 54), is denied.

SIGNED on November 8, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge